```
                                                    FILED
                                                 BILLINGS DIV.

                                                 2009 MAY 15 AM 11 15

                                                 PATRICK E. DUFFY, CLERK
                                                 BY _____
                                                        DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JACQUELINE SHIPLET,<br><br>Plaintiff,<br><br>v.<br><br>ANN M. VENEMAN, SECRETARY<br>THE UNITED STATES DEPARTMENT<br>OF AGRICULTURE<br>14TH AND INDEPENDENCE AVE. S.W.<br>WASHINGTON, D.C. 20250<br><br>Defendant. | Cause No. CV-05-15-BLG-RFC-CSO<br><br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF US MAGISTRATE JUDGE** |

On December 23, 2008, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (F&R)(*Doc. 125*) with respect to Plaintiff's appeal from an administrative ruling (*Doc. 1*). Magistrate Judge Ostby recommends that Judgment be entered in Defendant's favor. Judge Ostby concluded that Plaintiff could not set forth a *prima facie* case under the Equal Credit Opportunity Act

-1-

("ECOA") because she failed to establish two essential elements of her claim. With respect to various loan applications Judge Ostby determined Plaintiff did not establish that (1) she qualified for the credit she applied for and (2) similarly situated persons, outside of plaintiff's protected class, were given favorable treatment.[1]

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiff filed an objection on January 12, 2009. Defendants responded to Plaintiff's objections on January 30, 2009. Plaintiff's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). Plaintiff's seventy-three pages of objections are not well taken.

Plaintiff objects to the Findings and Recommendation in its entirety. Plaintiff boldly comes to the conclusion that Magistrate Ostby did not exercise independent judgment and, "never even looked at the Plaintiff's proposed Findings and Conclusions." *See* Plaintiff's Objections to Magistrate's Findings and Recommendations (Objections) p.2. However, aside from Plaintiff's Counsel's

---

[1] The Court notes that Plaintiff's Counsel, Terry Schaplow, contacted this Court's Law-Clerk, and requested that she, rather than her male colleague, work on this case. The Court cautions Counsel that such a request is highly unusual and patently inappropriate. The Court is fully capable of assigning cases before it to law clerks. In addition, the Court finds it particularly inappropriate that Counsel would make such a request in the context of a gender discrimination case. Counsel is encouraged to make no such requests in the future.

subjective point of view, she provides no additional basis for this allegation. Indeed, Plaintiff's objections are premised largely on conclusory statements that the Court ignored, or did not give sufficient weight to, all of Plaintiff's evidence. However, this Court can not find error on that basis alone. The Court can not presume to simply supplant the judgment of the Magistrate Judge, who held a three-day hearing and evaluated the evidence. The objections set forth by Plaintiff do not provide a compelling basis upon which to disturb Judge Ostby's findings and conclusion.

The primary objection offered by Plaintiff is that the Court impermissibly substituted its own judgment and definition of "similarly situated" without citing legal precedent. *See* Objections p. 14. Specifically, Plaintiff suggests that her expert, Mr. O' Brien's definition of "similarly situated" was appropriate. In support, Plaintiff cites a Third Circuit pre- Daubert case , Japanese Electronics Prod. Antitrust Litig., 723 F.2d 238 (3d Cir.1983), (rev'd on other grounds) as supporting the position that the Court may not ignore expert testimony and substitute its opinion. However, it is now generally accepted that expert testimony can be excluded based on judicial determination of relevance and reliability. *See* Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Consequently, the Court agrees with Defendant that Japanese Electronics Prod. Antitrust Litig. is not persuasive authority in this case.

Nevertheless, in order to show more favorable treatment, a plaintiff must demonstrate that they are similarly situated in all material respects. *See* Moran v. Selig, 447 F.3d 748, 755 (9th Cir. 2006). Plaintiff contends that Judge Ostby improperly substituted her definition of "similarly situated" for that of O'Brien which allowed the Court to arbitrarily reject Plaintiff's crop production figures and land values.

Defendant counters that Judge Ostby correctly determined whether Plaintiff's selected borrowers were similarly situated. Defendant acknowledges that O'Brien's criteria for similarly situated may be appropriate in some circumstances. However, Defendant argues, the cases O'Brien worked on in the past are distinguished because they were class actions which might require grouping individuals in broad categories. In this case though, the Plaintiff is an individual borrower in a case alleging that other borrowers received favorable treatment. Consequently, Defendant suggests that the facts and circumstances of this case might well require a more narrow analysis of whether the selected borrowers were similarly situated in all material respects.

A review of the Findings and Recommendations indicates that Judge Ostby neither arbitrarily rejected nor ignored O'Brien's calculations. On the contrary, the Order sets forth in detail how selected borrowers are distinguished, mainly because; (1) FMHA was not the Plaintiff's primary lender as it was with the selected

borrowers, and; (2) the FMHA servicing area covered four counties which encompasses incredible geographic diversity in terms of elevation, soil type, climate, and amounts of productive farm land available. See F&R ¶¶ 83, 84, 85.

After a review of the objections, this Court finds that Judge Ostby set forth a reasonable basis for "similarly situated" under the particular circumstances of this case and Plaintiff's objections on that score are unavailing.

Plaintiff argues that the Court ignored alleged Code of Federal Regulations (CFR) violations which constitutes discrimination. In support, Plaintiff cites <u>Anderson v. United Finance Co.</u>, 666 F.2d 1274 (9th Cir. 1982) as standing for the proposition that even a technical violation of a CFR constitutes discrimination under the ECOA.

Defendant counters that certain technical violation of the CFRs concerning non-related farm programs do not automatically establish violations of the ECOA. Defendant acknowledges that a violation of the regulation under ECOA may be actionable as it was in <u>Anderson</u>. However, Defendant points out that Plaintiff misconstrues <u>Anderson</u> in that it does not find that a technical violation of a regulation outside the ECOA amounts to actionable discrimination absent a waiver of sovereign immunity.

The Court agrees with Defendant in that technical violations of other CFRs ,

not under ECOA, are not independently actionable absent a waiver of sovereign immunity. *See* United States v. Nordic Village, Inc., 503 U.S. 30, 37, 112 S.Ct. 1011, 1016, 117 L.Ed.2d 181 (1992) ("As in the Eleventh Amendment context, the 'unequivocal expression' of elimination of sovereign immunity that we insist upon is an expression of statutory text.").

The remainder of Plaintiff's objections consist of Plaintiff attempting to re-litigate the hearing before the Magistrate Judge by purging her evidence and revisiting the same arguments[2].

Again, after reviewing the record before it, the Court can find no clear error on Judge Ostby's part. Without some compelling reason, this Court will not presume to substitute its judgment on the credibility of the witnesses and sufficiency of the evidence for that of Judge Ostby, who was in the best position to evaluate such evidence.

After a *de novo* review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and

---

[2] "It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a Report and Recommendation, as the 'goal of the federal statute providing for the assignment of cases to magistrates is to 'increas[e] the overall efficiency of the federal judiciary.' "Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.,1992) *quoting* McCarthy v. Manson, 554 F.Supp. 1275, 1286 (D.Conn.1982), aff'd, 714 F.2d 234 (2d Cir.1983).

HEREBY ORDERS they be adopted in their entirety.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Complaint (*Doc. #1*) is DISMISSED WITH PREJUDICE.

The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this 15th day of May, 2009.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE